## THOMAS TOLMAN *vs.* THE TOWN OF MARLBOROUGH.

3 57
66 540

The selectmen of a town employed an agent, to procure a person to teach a school in a school district, and as selectmen, drew an order in his favor upon the treasurer of the town, for the money to be expended in the district. The agent employed a teacher and paid him; but no certificates of the character and qualifications of the teacher were presented to the selectmen, nor to the committee for inspecting schools, as is required by the statute. The agent presented the order to the treasurer, who refused to pay it. In a suit, brought by the agent against the town, it was held,

1st, That the town was not liable upon the order.

2d, That the money, paid by the agent, could not be considered as money paid for the town.

3d, That the town could not be liable for school money, placed by the selectmen in the hands of the treasurer.

4th, That the instructer could not be considered as qualified according to law, and that the agent had no remedy against the town, or the selectmen.

ASSUMPSIT, upon an order for $71,17, drawn by the selectmen of *Marlborough*, upon the treasurer of the town, and dated Sept. 16, 1822. There was also a count for money paid, and for money had and received.

The case was submitted to the decision of the court, upon the following facts. On the 16th September, 1822, the plaintiff, being the head of a school district, in *Marlborough*, the selectmen drew an order upon the treasurer of the town, in his favor, for $71,17, to enable him to hire an instructer, to teach the school in his district. On the 18th February, 1823, the plaintiff presented the order to the treasurer, who refused to pay it; of which refusal, the plaintiff gave notice to the selectmen of *Marlborough*, on the same day.

The plaintiff, as agent of school district No. 3, in *Marlborough*, some time in August, 1822, contracted with a Mr. B. to keep the school in the said district, fourteen weeks, in the ensuing winter. In pursuance of this contract, B. commenced the school in the last week of November, that year, and taught the school fourteen weeks; and was paid for his services by the plaintiff. But it is not known, that any certificates of B.'s character and qualifications were presented to the selectmen, or to the committee for inspecting schools, previous to the commencement of the school.

On the 6th December, 1822, the selectmen of *Marlborough* forbade B. to proceed in the school; and, on the next day, demanded, of the plaintiff, the order they had given him.

At the meeting of the town of *M.* in March, 1822, it was

voted, " to raise the sum of $350, for schooling." The amount the selectmen were by law required to assess was $298,80.

*J. Parker*, for the plaintiff.

*Alexander*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of December 22, 1808, and the additional statute of 1818, chap. 65, have made it the duty of the selectmen, of the several towns, annually to assess the inhabitants of their respective towns, in a sum to be computed at the rate of ninety dollars for every one dollar of their proportion for public taxes, for the time being, and to apply the money, when collected, to the sole purpose of keeping English schools. And the selectmen forfeit the full sum, which they shall be found delinquent in assessing, seasonably collecting, and appropriating. It is very clear, that the money assessed and collected, under these statutes, does not become the property of the town ; but must be considered as the property of the selectmen, who are answerable for the due expenditure of it. Even when the money is put into the hands of the town treasurer, it does not belong to the town ; but still remains the money of the selectmen. When the selectmen, then, draw an order for school money, they draw it not on account of the town, but on their own account ; and it is very clear, that the town cannot be bound by such an order.

In the county of Strafford, in 1815, an action was brought by a schoool master, against the town of Gilmanton, for his services in teaching a school, in that town. The cause came on to be tried, before *Smith*, C. J. who nonsuited the plaintiff, on the ground, that the selectmen, and not the town, were liable.

Nor is the law of this case varied, by the circumstance, that the town of *Marlborough* voted to raise a larger sum for the maintenance of schools, than the statutes required. For it is not pretended, that the sum, thus voted, was intended to be in addition to the sum the selectmen were by law required to assess. The legal effect of the vote was, to authorize the selectmen to assess a larger sum than the stat-

utes required, and expend it in the support of schools, agreeably to the provisions of the statutes. Such a vote could neither make the town liable for any contract the selectmen might make, in relation to the schools, nor in any way vary the liabilities and duties of the selectmen. But it is contended, that the plaintiff is entitled to judgment upon the money counts. With regard to the count for money paid, it is clear, the action cannot be supported. For we have shewn, that the money must be considered as paid, not on account of the town, but of the selectmen. And with regard to the count for money had and received, there are three objections to a recovery upon the facts stated.

In the first place, it does not appear, that the money, raised for the support of schools, ever went into the hands of the treasurer. And in the next place, if it did go into his hands, it must be considered in his hands, as treasurer of the selectmen, and not of the town. If individuals place money in the hands of the town-treasurer, it is clear, that the town is not liable.

But there is another objection, which, if it cannot be removed, is decisive against this action in every shape. It does not appear, that certificates of the qualifications of the person employed to teach were presented to the selectmen, or committee for inspecting schools, previous to the commencement of the school. The statute expressly declares, that no person shall be deemed qualified to teach a school, unless such certificates are so presented. As the plaintiff, in this case, was employed by the selectmen, to procure and employ a duly qualified person, it was his business to see that every thing was done, which the statute required to be done ; and until he shews that the proper certificates were duly presented, he cannot recover the money he has paid, either of the town, or of the selectmen. 16 *Mass. Rep.* 141, *Commonwealth vs. Dedham.*

*Judgment for the defendants.*